IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

MARK CHANGIZI, et al.,

*Plaintiffs*,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

*Defendants*.

CASE NO: 2:22-cv-1776

**MOTION FOR LIMITED EXPEDITED DISCOVERY OR, IN THE ALTERNATIVE, TO EXCLUDE DEFENDANTS' EVIDENCE, AND MEMORANDUM IN SUPPORT**

Plaintiffs respectfully move the Court to expedite and order the following discovery in advance of the April 26, 2022 hearing on Plaintiff's motion for a preliminary injunction. *See* Fed. R. Civ. P. 37. Plaintiffs attempted negotiated compliance to no avail, and move for extremely limited discovery so as to make the hearing as useful for the Court's determination of the issues presented as possible. Defendants have indicated they will provide nothing and produce nothing for that hearing or beforehand. Plaintiffs limit their requests to the following:

1) Production of correspondence from the Surgeon General's office to Twitter, pertaining to the Request for Information ("RFI") and any other request for information or actions regarding Covid-19 "misinformation" that the Surgeon General or his office possesses that were sent to Twitter.

2) Statement as to whether or not any Defendant ordered removed, objected to, identified, or "flagged" specific posts on Twitter. Include whether Defendants have knowledge of whether any company complied with such request or removed, de-platformed or suspended any user of such platform subsequent to such request, identification, objection

or flagging by Defendants. If so, please identify such posts or persons so removed or deplatformed.[1]

## I. FACTUAL BACKGROUND

On March 24, 2022, Plaintiffs filed a complaint against Defendants: the Department of Health and Human Services (HHS), Surgeon General Vivek Murthy, and Secretary of HHS Xavier Becerra. *See* ECF No. 1. Plaintiffs filed a motion for a preliminary injunction and memorandum in support on March 30, 2022. *See* ECF No. 9, 9-1.

On April 1, 2022, beginning at 10:30 a.m., the parties participated in a telephonic conference with the Court at which scheduling for the hearing on the preliminary injunction was discussed, as well as possible discovery and witnesses for the hearing. *See* ECF No. 16; 4/8/22 Declaration of Jenin Younes ("Younes Decl."), Attachment 2. The conference lasted for approximately half an hour. The undersigned counsel, Ms. Younes, stated at the hearing that she did not intend to call witnesses or ask for discovery, as a hearing at the earliest possible opportunity was of the utmost importance. The court asked the parties to meet and confer.

Very shortly after the hearing ended and following consultation with her colleague, John J. Vecchione, Ms. Younes determined that witnesses and discovery would aid the Court in its determination of the issues. She sent an email to opposing counsel, Department of Justice Attorney Kuntal Cholera, at 11:36 a.m. (approximately half an hour after the phone conference ended) asking to set up the meet and confer, providing some available times on Monday, April 4 and Tuesday, April 5, and also stating that she wished to "give [him] a heads up that after some reflection, I believe we will call witnesses and seek expedited discovery. I apologize for that change, and am happy to discuss

---

[1] Plaintiffs also subpoenaed Defendant Surgeon General Vivek Murthy for a preservation videotaped deposition in Washington, District of Columbia. *See* Attachment 1. The subpoena was sent on April 12, 2022. *See id.* Pursuant to Rule 45(d)(3), any dispute related to this issue will be determined in a court in that jurisdiction (Washington, D.C.).

further when we talk." *See* Ex. A of Younes Decl. Mr. Cholera responded, but only to say that he had received the email and would get back to her with a time. *See* Ex. B of Younes Decl.

Immediately after that, Ms. Younes called the Court to notify it of the change of plans as soon after the conference as possible. Ms. Younes spoke to the Court's clerk, who told her simply to report back after the meet-and-confer and expedited discovery, if any, could be addressed subsequently.

Thus, prior to taking any action, Ms. Younes awaited word from opposing counsel. Having not yet heard back by Monday afternoon (April 4), Ms. Younes and her colleague, John J. Vecchione, sent a letter to Mr. Cholera, attached to an email at 4:20 p.m., alerting him to five areas of inquiry to which they either sought answers or production of documents. *See* Ex. C of Younes Decl. Those questions/requests were:

1) How does the Surgeon General define "misinformation" regarding Covid-19 as the term is used in the March 3, 2022 Request for Information (RFI)?

2) Produce any and all documents, including but not limited to correspondence between any Defendant and Twitter, as well as other social media companies, pertaining to the RFI and any other request for information or actions regarding Covid-19 "misinformation" that defendants have in their possession.

3) Please identify what the Surgeon General intends to do with documents, if anything, obtained from Twitter and other social media companies (the "Produced Material") that are turned over as a result of the RFI.

4) Please identify who within HHS or under any Defendant is tasked with receiving and maintaining the Produced Material. Please include their titles and addresses.

5) Please state whether or not any Defendant ordered removed, objected to, identified, or "flagged" specific posts on Twitter or any other social media platform. Include whether Defendants have knowledge of whether any company complied with such request or removed, de-platformed or suspended any user of such platform subsequent to such request, identification, objection or flagging by Defendants. If so, please identify such posts or persons and provide any documents reflecting such posts or individuals.

*See* Ex. D of Younes Decl.

The letter also explained that Plaintiffs intended to present testimony from Plaintiff Mark Changizi, and to call Surgeon General Vivek Murthy and the Surgeon General's Chief of Staff, Max Lesko, and that refusal to comply would result in a subpoena. *Id.*

Again, having received no response, Ms. Younes sent Mr. Cholera an email on Tuesday, April 5, at 2:56 p.m. asking if a time for the meet and confer had been set yet. *See* Ex. E of Younes Decl.

Mr. Cholera responded minutes thereafter, said that he was consulting with his clients about all of it, and that he would get back to her. *See* Ex. F of Younes Decl.

Defendants sent Ms. Younes and Mr. Vecchione a letter responding to the requests, and in sum and substance refusing to comply with any of them. *See* Younes Decl., Ex. G. Defendants raised the following specific arguments:

(1) The discovery requests were premature and procedurally defective, and therefore Defendants would not accept service, because the April 4, 2022 letter was sent prior to issuance of summons on the U.S. Attorney, which occurred the following day;

(2) No Rule 26(f) conference had occurred, so no discovery could be sought;

(3) The discovery requests were not properly served, and thus Defendants have no obligation to respond to them:

 a. It was "too late" to "introduce the issue of expedited discovery," and Defendants would not have agreed to brief the preliminary injunction motion in two weeks had they known of counsel's intent to seek discovery;

 b. Expedited discovery was "infeasible" due to the tight timeline, especially if Plaintiffs were permitted discovery, Defendants may want discovery as well;

 c. Discovery was inappropriate prior to resolution of a Rule 12(b)(1) motion to dismiss, which Defendants intended to file, and expedited discovery was not warranted because "Plaintiffs have already filed a preliminary injunction motion without the aid of discovery, suggesting that they believed they could meet their burden on the current record";

 d. Defendants refused to consent to produce Surgeon General Murthy or Mr. Lesko for the hearing as they do not live, work, or transact business within 100 miles of the courthouse. Defendants claim that these individuals are protected from having to testify by the "apex doctrine" which protects "high-level executives and

government officials" from having to testify in light of the burdens that would impose.

On April 7, 2022, at 1:00 p.m., the parties (Ms. Younes, Mr. Vecchione, and Mr. Cholera) had a meet-and-confer. Mr. Cholera stated that he would not agree to produce the Surgeon General or Mr. Lesko to testify, and that he would not agree to the discovery requests. When Mr. Vecchione asked whether they could agree upon a more limited discovery, specifically written communications from the Surgeon General's office to Twitter, Mr. Cholera indicated that he doubted that, but would check with his clients.

## II. ARGUMENT: PLAINTIFFS ARE ENTITLED TO EXPEDITED DISCOVERY

Plaintiffs' letter to Defendants preceding the meet-and-confer explaining their intent to seek discovery and compel witness testimony was a courtesy to obtain consent before seeking court intervention or processes, and so that counsel could comprehensibly discuss the matter. Plaintiffs had limited their requests and wanted to determine if any material could be agreed upon prior to hearing. Given that Defendants took quite some time to even respond to Ms. Younes's requests to schedule the meet-and-confer, she thought it considerate to alert them ahead of time to Plaintiffs' intentions for the hearing. At the time of this filing, Plaintiffs have fully served Defendants and issued a subpoena for the Surgeon General to bring material related to the first discovery request to a deposition in D.C. in advance of the hearing.

Defendants contend that Plaintiffs cannot show that expedited discovery is warranted because "Plaintiffs have already filed a preliminary injunction motion without the aid of discovery, suggesting that they believed they could meet their burden on the current record." *See* Exhibit G at 3. Contrary to Defendants' suggestion otherwise, Courts within the Sixth Circuit have routinely allowed expedited discovery—*in particular* when there is a request for a preliminary injunction. *See, e.g., United States v. Kettering Health Network*, No. 1:14-CV-345, 2014 WL 12586794, at *1 (S.D. Ohio Dec. 5, 2014) ("Good

cause [for expedited discovery] is often found when there is a request for a preliminary injunction"); *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013) ("As this Court has noted previously, '[g]ood cause [for expedited discovery] is often found when there is a request for a preliminary injunction'") (citing *Russell v. Lumpkin*, No. 2:10–CV–00314, 2010 WL 1882139 at *1–*2 (S.D. Ohio 2010)); *USEC Inc. v. Everitt*, No. 3:09-CV-4, 2009 WL 152479, at *3 (E.D. Tenn. Jan. 22, 2009) (same); *Hausser Taylor LLC v. RSM McGladrey, Inc.,* No. 1:07–CV–2832, 2007 WL 2778659, at *3 (N.D. Ohio Sept. 21, 2007) (permitting expedited discovery to "allow Plaintiff the opportunity to present evidence warranting a preliminary injunction").

Moreover, Defendants have thus far cited only a single case as purported support for the proposition that the act of filing a preliminary injunction motion waives the filing party's right to expedited discovery. *See* Exhibit G at 3 (citing *Skylink Ltd. v. UniTek Glob. Servs., Inc.*, No. 3:13-CV-02103, 2014 WL 104896, at *2 (N.D. Ohio Jan. 9, 2014)). *Skylink*, however, lends no support to Defendant argument. *Skylink* did not involve a preliminary injunction or a request for injunctive relief. Indeed, the *Skylink* court's basess for denying the plaintiff's motion for expedited discovery are readily distinguishable from the circumstances here. *See Skylink Ltd. V. UniTek Glob. Servs., Inc.*, at *2 (finding plaintiff not at risk of harm that was not potentially "compensable by way of damages" and that plaintiff's request for expedited discovery was effort to "circumvent the normal litigation process" given that plaintiff's complaint would soon be amended again and that a dispositive motion was forthcoming). Defendants' unfounded argument is also belied by the Advisory Committee Notes to Rule 26, which explain that discovery may begin prior to a Rule 26(f) conference "in some cases, such as those involving requests for a preliminary injunction." Fed.R.Civ.P. 26(d) 1993 Advisory Committee Notes.

Contrary to Defendants' suggestion otherwise, expedited discovery is often deemed even more appropriate when a plaintiff seeks injunctive relief due to the emergency nature of injunctive proceedings. *See Kentucky CVS Pharmacy v. McKinney,* No. 5:13-CV-25-KSF, 2013 WL 1644903, at *1 (E.D. Ky. Apr. 16, 2013) ("Defendants suggest the Court should rule on the merits of the motion for preliminary injunction before allowing any discovery. The purpose of the request for expedited discovery, however, is in aid of the motion for preliminary injunction. Plaintiff has shown good cause for expedited discovery."); *Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc.,* 1998 U.S. Dist. LEXIS 10511, at *4 (E.D. Pa. July 15, 1998) ("expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings") (quoting *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. 841, 844 (D.D.C.1996)).

In sum, Plaintiffs respectfully request the Court to compel discovery on the two items above by April 22, 2022, or in the alternative to preclude defendants from introducing any evidence on the two issues.

Dated: April 12, 2022

        Respectfully submitted,

        /s/*Jenin Younes*
        Jenin Younes (*pro hac vice*)
        Jenin.Younes@ncla.legal

        /s/*John J. Vecchione*
        John J. Vecchione (*pro hac vice*)
        John.Vecchione@ncla.legal

        NEW CIVIL LIBERTIES ALLIANCE
        1225 19th Street NW, Suite 450
        Washington, DC 20036
        (202) 869-5210

        /s/*Angela Lavin*

Angela M. Lavin (0069604)
Jay R. Carson (0068526)
Local Counsel
WEGMANHESSLER
6055 Rockside Woods Boulevard North
Suite 200
Cleveland, Ohio 44131
Telephone: (216) 642-3342
Facsimile: (216) 642-8826
AMlavin@wegmanlaw.com

*Attorneys for Plaintiffs*