IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

MARK CHANGIZI, et al.,

*Plaintiffs*,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

*Defendants*.

CASE NO: 2:22-cv-1776

## **MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)**

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 60(b), move this honorable Court for relief from its May 5, 2022 Order (the "Order") (ECF No. 37), which granted Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 30). As set forth more fully below, newly discovered evidence, which was not available prior to the April 28, 2022 hearing and which could not have been discovered in time for Plaintiffs to move for a new trial, shows that Plaintiffs are entitled to relief from the Order. Such new evidence includes documents revealed through a whistleblower that were only made public on June 7, 2022, which are material to Plaintiffs' complaint and which directly address the Court's grounds for dismissal (*see* Exhibit 1). In light of the new evidence, Plaintiffs respectfully request that the Court enter an order pursuant to Rule 60(b) reversing its previous decision, reinstating this case to its docket, and granting such other relief as the Court deems just under the circumstances.

## **PROCEDURAL POSTURE**

Plaintiffs filed suit in the United States District Court for the Southern District of Ohio on March 24, 2022, against the Department of Health and Human Services (HHS), Surgeon General Vivek Murthy, and Secretary of HHS Xavier Becerra.  They moved for a preliminary injunction shortly thereafter, on March 30, 2022.  Defendants filed a combined response to the preliminary injunction and a motion to dismiss on April 15, 2022, and Plaintiffs filed a combined reply to the preliminary injunction opposition and opposition to the motion to dismiss on April 22, 2022, to which Defendants replied on April 27, 2022.

Exactly a week after an April 28, 2022 hearing was held on the preliminary injunction, on May 5, the court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. (12)(b)(1) and (12)(b)(6). On June 14, 2022, Plaintiffs moved for leave to file an amended complaint.  The Court denied Plaintiffs' motion on June 20, 2022, stating that following entry of final judgment, they could not seek to amend the complaint without first moving to alter, set aside, or vacate the judgment.  It concluded that Plaintiffs were "free to move for relief under Rule 60." *See* ECF No. 41.

## **ARGUMENT**

Under Federal Rule of Civil Procedure 60(b), a party may obtain relief from final judgment under several circumstances, including where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).  Rule 60(b)(2) relief is warranted when a movant demonstrates "1) that he exercised due diligence in obtaining the information, and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Bilski v. McCarthy*, 790 F. App'x 756, 765 (6th Cir. 2019) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). To qualify as "newly discovered," the evidence must have been in existence, or pertain to facts that existed, at the time of trial.  *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 135-36 (6th Cir. 1990).

Plaintiffs' newly discovered evidence readily satisfies the requirements for obtaining relief under Rule 60(b)(2), as the evidence (1) could not have been discovered with reasonable diligence in time to move for a new trial; (2) is material and would have resulted in a different outcome had it been presented to the Court prior to the April 28, 2022 hearing; and (3) pertains to facts that existed at the time of the Court's ruling on Defendants' motion to dismiss. Accordingly, the Court should grant Plaintiffs' motion for relief from judgment.

*First,* and perhaps most crucially, Plaintiffs' newly discovered evidence meets Rule 60(b)(2)'s reasonable diligence requirement given that it concerns information that only came to light on June 7, 2022 through the disclosure of a whistleblower, regarding the DGB and its documented instrumentalization of social media companies—especially Twitter—to combat "misinformation." The memoranda specifically discuss attempts to stifle "misinformation" about COVID-19, the material at issue here (*see* Exhibit 1 at p. 6 [9/13/21 Memorandum of Robert Silvers]).

Indeed, the DGB's existence was unknown to the American public until its creation was announced by the Biden Administration April 27, 2022 (the day preceding the hearing in this case). Likewise, DHS's involvement in driving social media censorship only came to light at that time, and the extent of that involvement was not known until the whistleblower documents came to light (*see* Exhibit 1 at pp. 25-26 [Undated Memorandum from Robert Silvers to Jonathan Meyer]). Prior to June 7, 2022, when the newly discovered evidence was revealed and publicized, there was no direct proof that President Biden's executive agencies had been conferring with social media companies and using them to further their aim of silencing those spreading "misinformation" (although Plaintiffs maintain that they presented enough circumstantial evidence to survive a motion to dismiss). These documents establish that DHS officials met *in secret* with Twitter executives to coordinate online censorship of perspectives such as those offered by Plaintiffs, who had been suspended on Twitter for saying, *inter alia*, masks were ineffective. The leaked documents showed that DHS considered

"disinformation relating to the origins and effects of Covid-19 vaccines or the efficacy of masks" a "serious homeland security risk" (*see* Exhibit 1 at pp. 6-24 [9/13/21 Memorandum of Robert Silvers, 1/31/22 Memorandum of Robert Silvers]).  This was not information that Plaintiffs knew or could have known until June 7, 2022—33 days after entry of the Court's Order and, thus, beyond the 28-day period in which Plaintiffs could have moved for a new trial under Rule 59(b). *See* Fed. R. Civ. P. 59(b).  Indeed, Plaintiffs could not have known even of the DGB's existence, let alone the role that it played, when they filed their complaint nor during the days leading up to the hearing, as that also remained a government secret until April 27, 2022.  The evidence that Plaintiffs seek to introduce thus satisfies Rule 60(b)(2)'s requirement, as it was "previously unavailable such that it was not discoverable by due diligence prior to the judgment from which [Plaintiffs] seek relief." *Kimble v. Hoso*, 2008 WL 2404964, at *1 (N.D. Ohio June 11, 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

*Second*, this evidence is both material and controlling, as it goes to the heart of Plaintiffs' contentions that government involvement in social media censorship violated their First Amendment rights to free speech and expression. Granting Defendants' motion to dismiss, this Court determined that there was insufficient evidence from which to conclude that Defendants' actions caused Twitter to censor Plaintiffs or that it had a chilling effect.  On that basis, the Court dismissed Plaintiffs' complaint both for lack of standing and for failure to state a claim.  But this new information constitutes direct evidence of the government's involvement in social media censorship that this Court found lacking in the original complaint.  In short, it demonstrates that the government considered "misinformation" on social media a national security threat, that it met with Twitter executives to address that threat, and that it intended to use social media companies to accomplish its aim of silencing non-government approved views on the subject of COVID-19.  In the Defendants' own words, a First Amendment claim based on private conduct may be shown in cases of state action

where "the government called on the private party to take the precise action at issue." ECF No. 31 at 27. Plaintiffs' newly discovered information offers ample evidence of just that, including the Administration's intent to instrumentalize Twitter to combat views deemed "misinformation" by the government—in stark contrast to Defendants' repeated characterization of Twitter's actions as "voluntary" and "independent." *See* ECF No. 35 at 6, 8, 9, 10, 12 ("Plaintiffs fail to show that any adverse actions Twitter has taken or will take, against Plaintiffs flow from Defendants rather than Twitter['s] independent judgment.").

Indeed, assuming *arguendo* that Plaintiffs' suspensions on Twitter and censorship on other social media platforms could not be tied to state action before, given this new knowledge that the government is directly involved in such censorship now, they certainly have standing to bring this suit at the present time. At the very least, this previously undisclosed information warrants vacating the Court's Order and reinstating Plaintiffs' case to the docket to allow Plaintiffs to move forward with the lawsuit and obtain discovery. *See Consumers Petroleum Co. v. Texaco, Inc.*, 804 F.2d 907 (6th Cir. 1986) ("We can not [*sic*] conclude from reviewing the record that [Plaintiff] could not have developed facts to support its assertion …"). After all, if the case were reinstated, Plaintiffs would not need to prove their case at that juncture. They would need only to provide sufficient facts which, *viewed in the light most favorable to them*, could support a claim that would entitle them to relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The newly discovered evidence is, thus, material to Plaintiffs' complaint and, had it presented to this Court at the April 28, 2022 hearing, would have resulted in a different outcome. *See Bilski v. McCarthy*, 790 F. App'x 756 at 765; *see also Midwest Franchise Corp. v. Metromedia Rest. Group, Inc.*, 177 F.R.D. 438 (N.D. Iowa 1997) (noting that courts will grant 60(b)(2) motions where newly discovered evidence "counter[s] a substantive issue in [the] case" and creates likelihood that "new trial would probably produce a different result").

*Third,* Plaintiffs added Defendants to the amended complaint, including the Department of Homeland Security, its Secretary, Alejandro Mayorkas, the Cybersecurity and Infrastructure Security Agency, and the DGB. Plaintiffs could not have named DHS and the DGB as Defendants when they filed the lawsuit in late March for the reasons discussed above—namely, that the DGB's creation was announced in late April, and the nature of its role kept secret until revealed through the declassification of certain documents on June 7, 2022. However, as mentioned, it is readily apparent that DHS and the DGB have played a significant role in the commandeering of technology companies to quell the dissemination of COVID-19 "misinformation," and, accordingly, it would be appropriate to include them as Defendants in this lawsuit, should Plaintiffs be granted the opportunity to proceed with the lawsuit in light of the newly discovered evidence.

*Lastly*, and as noted above, the facts on which Plaintiffs' newly discovered evidence is based "existed at the time of trial." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d at 136; *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, No. 05-2479, 2007 WL 2733336, at *8 (6th Cir. Sept. 19, 2007) (reports created after final judgment constituted "newly discovered evidence" under Rule 60(b)(2) because they pertained to facts in existence at time of judgment); *Fields v. City of Chicago*, 981 F.3d 534 (7th Cir. 2020) (granting Rule 60(b)(2) where evidence of witness's release only arose after trial but which concerned a pre-trial deal in which the witness would receive accelerated release in return for his testimony in favor of defendants); *Kettenbach v. Demoulas*, 901 F. Supp. 486, 409-93 (D. Mass. 1995) (granting Rule 60(b)(2) motion based on conversation recorded on wiretap months after judgment because conversation described facts in existence at time of trial). The underlying facts of the newly discovered evidence that are relevant to Plaintiffs' action existed at the time of judgment, including, *inter alia*, details of the government's plans as of September 13, 2021 (if not earlier), to combat what it deemed "disinformation relating to the origins and effects of Covid-19 vaccines or the efficacy of masks." Such efforts include, as the evidence reveals, its "mission" to "engage private sector services"

and otherwise foster partnerships with "private sector entities [and] tech platforms" to help achieve the DHS mission of combating and suppressing so-called Covid-related misinformation. The documents discussed above also reveal that, on April 28, 2022, DHS officials met—in secret ("off the record and closed press")—with Twitter executives to discuss "operationalizing public-private partnerships between DHS and Twitter," as part of DHS's efforts to combat so-called misinformation, which also includes the use of Twitter to combat "misinformation."  Because the underlying facts on which the newly discovered evidence is based existed at—and largely well before—the time of judgment, Plaintiffs satisfy the final requirement for relief from judgment under Rule 60(b)(2).

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion for relief from judgment, vacate the Order, and allow Plaintiffs to proceed with this action.  As evidenced by the materials made public by a whistleblower, discussed above, the new evidence pertains to facts that existed at the time of this Court's judgment, but which were not available to Plaintiffs until June 7, 2022—the time at which they were disclosed by a whistleblower.  Further, for the reasons discussed throughout this motion, the new evidence is material to Plaintiffs' complaint and directly addresses the Court's grounds for dismissal by amplifying Plaintiffs' factual allegations with information they could not previously have known in time to move for a new trial.  Accordingly, the motion for relief from judgment should be granted.

Dated: June 24, 2022                                    Respectfully,

/s/ *Jenin Younes*
Jenin Younes (*pro hac vice*)
John J. Vecchione (*pro hac vice*)
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
(202) 869-5210
Jenin.younes@ncla.legal

/s/ *Angela Lavin*
Angela M. Lavin (0069604)

Jay R. Carson (0068526)
Local Counsel
WEGMANHESSLER
6055 Rockside Woods Boulevard North
Suite 200
Cleveland, Ohio 44131
Telephone: (216) 642-3342
Facsimile: (216) 642-8826
AMlavin@wegmanlaw.com

*Attorneys for Plaintiffs*